**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DARELL HARLOW,

                    Plaintiff,

          v.                                9:25-cv-00597 (AMN/ML)

SGT. BROWN and MALONE,

                    Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **DARELL HARLOW**<br>213 Fieldcrest Drive<br>Camillus, New York 13031<br>Plaintiffs *pro se* | |
| **NEW YORK STATE OFFICE OF THE**<br>**ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>*Attorneys for Defendants* | **OLIVIA R. COX, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On May 12, 2025, plaintiff *pro se* Darell Harlow ("Plaintiff"), who was incarcerated in the custody of the New York State Department of Corrections and Supervision ("DOCCS") at all relevant times, commenced this action pursuant to 42 U.S.C. § 1983 alleging misconduct at Cayuga Correctional Facility ("Cayuga"). *See* Dkt. No. 1 ("Complaint"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 5. On August 18, 2025, this Court, on initial review pursuant to 28 U.S.C. § 1915, dismissed all but Plaintiff's First Amendment

retaliation claims against Defendants Sgt. Brown and Malone ("Defendants").  Dkt. No. 5 at 14.[1]

On December 18, 2025,  Defendants filed a pre-answer motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting that Plaintiff had failed to exhaust his administrative remedies.  Dkt. No. 15 (the "Motion").  Plaintiff responded, Dkt. No. 22,[2] and Defendants replied, Dkt. No. 23.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who issued a Report and Recommendation ("Report-Recommendation") on May 21, 2026 recommending that Defendants' Motion be denied and that the Court conduct a hearing to determine whether Plaintiff had properly exhausted his administrative remedies.  Dkt. No. 24 at 16.  Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 17.  Neither party has filed objections and the time to file objections has passed.

For the following reasons, the Court adopts the Report-Recommendation.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Plaintiff submitted arguments and documents in opposition to the Motion but did not submit a separate response to Defendants' Statement of Material Facts in satisfaction of Local Rule 56.1.

Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.   DISCUSSION

Because no party has filed objections, the Court reviews the Report-Recommendation for clear error.

A court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Magistrate Judge Lovric noted that where, as here, a non-movant fails to properly respond to a motion for summary judgment, the movant has a lighter burden. Dkt. No. 24 at 8-9 (citing *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)). But the court must still "assure itself that,

based on the undisputed material facts, the law indeed warrants judgment for the movant." *Id.* In doing so, a court only deems the facts in a movant's statement of facts admitted when the non-movant willfully fails to respond *and* when those facts are supported by evidence in the record. *Id.* at 9 (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 427 & n. 6)). Magistrate Judge Lovric also noted that when a non-movant fails to oppose certain of a movant's legal arguments, the court deems the non-movant to have consented to those arguments if they possess facial merit. *Id.*

As to the issue of exhaustion, Magistrate Judge Lovric noted that the Prison Litigation Reform Act ("PLRA") prevents a prisoner from bringing an action regarding prison conditions under Section 1983 "until such administrative remedies as are available are exhausted." *Id.* at 10 (citing 42 U.S.C. § 1997e(a)). In New York, DOCCS has established a three-step Incarcerated Grievance Program ("IGP") to report grievances: "(1) the inmate must file a grievance with the [Inmate Grievance Review Committee ("IGRC")] within twenty-one days of the alleged occurrence, (2) the inmate must then appeal an adverse decision by the IGRC to the superintendent of the facility within seven days after receipt of the IGRC's response, and (3) the inmate must then appeal an adverse decision by the superintendent to the [Central Office Review Committee ("CORC")] within seven days after receipt of the superintendent's response." *Id.* at 10-11 (citing 7 N.Y.C.R.R. § 701.5 and *McGee v. McGready*, 16-CV-4187, 2018 WL 2045094, at *2 (S.D.N.Y. Apr. 30, 2018)).

Magistrate Judge Lovric also noted that the Supreme Court has identified three circumstances in which administrative remedies are not available to incarcerated individuals such that they excused from the exhaustion requirement. *Id.* at 12. An administrative procedure is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) it is "so opaque that it becomes,

practically speaking, incapable of use;" or (3) "prisoner administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *See id.* (quoting *Ross v. Blake*, 578 U.S. 632, 633 (2016) (internal quotations omitted)).

Turning to Defendants' argument, Magistrate Judge Lovric recommended that this Court deny summary judgment "because there is a genuine dispute of material fact regarding whether Plaintiff exhausted his available administrative remedies." *Id.* at 13.  Magistrate Judge Lovric found that Plaintiff filed a grievance related to his claims in this action, "Grievance No. CAY-0174-24, which was titled 'Retaliation towards housing location.'" *Id.* at 14-15 (citing Dkt. No. 15-2 at ¶¶ 16-17); *see also* Dkt. No. 15-1 at ¶ 12.  Defendants assert that the IGRC denied that grievance on January 31, 2025.  *Id.* at 4; *see also* Dkt. No. 15-1 at ¶ 16.  Although Defendants also assert that the Cayuga IGP office did not receive an appeal of that denial, Magistrate Judge Lovric found that Plaintiff had submitted "several documents supporting his assertion that he appealed the IGRC's untimely response to Grievance No. CAY-0174-24 to the Superintendent and the Superintendent's non-response to CORC."  Dkt. No. 24 at 15 (citing Dkt. No. 22 at 6-17). Specifically, Magistrate Judge Lovric identified three letters that appeared to be appeals, dated October 13, 2024, November 19, 2024, and January 30, 2025.  *Id.* (citing Dkt. No. 22 at 15-17). Therefore, Magistrate Judge Lovric recommended that this Court conduct an exhaustion hearing to determine whether Plaintiff properly exhausted his administrative remedies.  *Id.* at 15-16 (citing *Mesa v. Goord*, 652 F.3d 305 (2d Cir. 2011) (holding that a district court may resolve an exhaustion issue without a jury); *see also id.* at 16 n. 14 (distinguishing *Perttu v. Richards*, 604 U.S. 460, 464 (2025) (narrowing the non-jury rule to exclude cases where the exhaustion issue is "intertwined with the merits" of the substantive claim)).

After reviewing the Report-Recommendation and the parties' submissions, the Court finds no clear error and adopts Magistrate Judge Lovric's recommendation to deny Defendants' Motion. Accordingly, the Court also adopts Magistrate Judge Lovric's recommendation that a hearing on the issue of exhaustion is warranted.

## IV.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 24, is **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 15, is **DENIED**, and the Court further

**ORDERS** that the case be referred to Magistrate Judge Lovric to schedule and conduct a hearing to determine whether Plaintiff exhausted his administrative remedies related to his First Amendment retaliation claim prior to commencing this action; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 23, 2026
           Albany, New York

_____
Anne M. Nardacci
U.S. District Judge